UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID P. GARCIA,

    Plaintiff,

    v.

PNC BANK, N.A., et al.,

    Defendants.
_____/

No. C 14-3543 PJH

**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT; ORDER DENYING MOTION TO REMAND**

    The motion of defendant PNC Bank, N.A. ("PNC") to set aside the default and the motion of plaintiff David P. Garcia for an order remanding the case to the Superior Court of California, County of Contra Costa, came on for hearing before this court on September 24, 2014. Plaintiff appeared by his counsel Marie Quashnock, and PNC appeared by its counsel Marcus Brown. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to set aside the default and DENIES the motion to remand, as follows and for the reasons stated at the hearing.

    **I.    Motion to Set Aside Entry of Default**

    PNC contends that plaintiff's service of summons and complaint was defective because plaintiff served Louise Estes, whom plaintiff described as an "administrator." According to PNC, Ms. Estes is not authorized to accept service of process on behalf of PNC. In California, a corporation can be served by delivering copies of the summons and complaint to the president "or other head of the corporation," a vice-president, secretary or assistant secretary, a treasurer or assistant treasurer, general manager or other person authorized by the corporation to receive service of process; or the person designated by

the corporation as its statutory agent for service; or the Secretary of the State.  Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial §§ 5:198, et seq. (citing Cal. Civ. Proc. Code §§ 416.10(b), (c)).

The court grants the motion to set aside default because there is no evidence in the record that Ms. Estes held a position with PNC that would qualify her to accept service. Ms. Estes does not fall into any of the categories listed in §§ 416.10(b), (c).  Furthermore, there is no evidence in the record that Ms. Estes identified her tittle as "administrator." The proof of service merely states that the process server "served" Ms. Estes, "Administrator, authorized to accept service."  There is no declaration from the process server or Ms. Estes indicating that she represented to the process server that she was authorized to accept service.  Accordingly, the proof of service is insufficient to show that PNC was properly served.  Thus, the court GRANTS PNC's motion to set aside entry of default.

## II. Motion to Remand

Plaintiff asserts that the case must be remanded because PNC's notice of removal was untimely.  A motion to remand on any basis other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  28 U.S.C. § 1446(c).  Service of process in state court actions is governed by state law.  In California, the 30 day period for removal runs immediately upon service.  See Murphy Bros v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).  While the proof of service may be evidence that plaintiff served Ms. Estes at a PNC branch office, it is not evidence that she was authorized to accept service.  Since PNC was not properly served with the complaint and summons, the 30-day period did not start to run prior to the date the notice of removal was filed.  Therefore, plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: September 29, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge