UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. GARCIA,<br>　　　　Plaintiff,<br>　　v.<br>PNC MORTGAGE,<br>　　　　Defendant. | Case No. 14-cv-3543-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　Defendant's motion for an order dismissing the second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim came on for hearing before this court on May 13, 2015. Plaintiff appeared by his counsel Marie G. Quashnock, and defendant PNC Mortgage ("PNC") appeared by its counsel L. Scott Bruggemann.

　　　　The court deferred ruling on the motion to allow the parties to come to some other resolution of the case. Specifically, plaintiff was given an opportunity to submit a new complete loan modification application in accordance with PNC's instructions, and to appeal any denial of the application. Plaintiff submitted the application, and, following PNC's denial of the appeal, the parties filed a status statement indicating that they remained at an impasse.

　　　　Following further discussion at a case management conference held on September 10, 2015, the court advised that it would issue a written decision on the motion. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

**DISCUSSION**

A.   Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The allegations in the complaint "must be enough to raise a right to relief above the speculative level[,]" and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.

B.   Defendant's Motion

The general factual background of this mortgage case is as set forth in the February 9, 2015 order granting PNC's motion to dismiss the first amended complaint. PNC now seeks an order dismissing all four causes of action alleged in the SAC.

1.   Claim under § 2923.5

In the first cause of action, plaintiff alleges that PNC failed to contact him in person or by telephone at least 30 days before filing the Notice of Default ("NOD") to explore options for avoiding foreclosure, in violation of California Civil Code § 2923.5.

Under the framework set forth in the Civil Code regarding nonjudicial foreclosure, the lender must first record an NOD; once three months have elapsed, the lender must

give notice of the planned foreclosure sale.  Cal. Civ. Code § 2924.  Section 2923.5 concerns the NOD.  It requires the "mortgagee, trustee, beneficiary, or authorized agent" seeking to file a notice of default to first contact the borrower in person or by telephone "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(2).  The NOD may not be filed until thirty days after this initial contact or after the statute's due diligence requirements are satisfied.  Id. § 2923.5(a)(1).

Further, the NOD must include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower.  Id. § 2923.5(b).  During this initial contact, the party seeking to file an NOD must advise the borrower that he or she has the right to request a subsequent meeting and, if requested, schedule the meeting within fourteen days.  Id. § 2923.5(a)(2).  The sole remedy available under § 2923.5 is the postponement of a foreclosure sale until the requirements of the statute have been fulfilled.  Mabry v. Superior Ct., 185 Cal. App. 4th 208, 213 (2010); see also Argueta v. J.P. Morgan Chase, 787 F.Supp. 2d 1099, 1107 (E.D. Cal. 2011).

Here, the facts alleged show that PNC was in contact with plaintiff, although plaintiff asserts that the contact was not entirely in conformance with § 2923.5.  However, no foreclosure sale is pending.  Thus, to the extent that there was at any point a failure to comply with the statute, there is no a pending sale that could be postponed.  Thus, the only question with regard to this claim is whether the NOD must be rescinded, as demanded by plaintiff in the SAC.

Plaintiff asserts that the court should "issue an order setting aside the defective NOD."  SAC ¶ 90.  He adds that "[a] failure to comply with Section 2923.5 renders the Notice of Default invalid, and a secured creditor must rescind the Notice of Default and not cause a non-judicial foreclosure sale to transpire until substantively complying with Section 2923.35[1] "'and recording a new Notice of Default in the wake thereof.'"  SAC ¶ 90

---

[1] Thus in SAC.  However, there is no § 2923.35 in the Civil Code.  The court assumes that plaintiff intended a reference to § 2923.5.

(quoting Mabry, 185 Cal. App. 4th at 236-37).  He asserts that "correcting and remedying a HBOR violation" should require rescinding any improperly recorded NOD or NTS.  Id. (citing Diamos v. Specialized Loan Servicing LLC, 2014 WL 3362259 at *5 (N.D. Cal. July 7, 2014)).

The court in Mabry stated in the conclusion of the opinion that where a lender or servicer has failed to comply with § 2923.5, the foreclosure sale should be "postponed until [the lender or servicer] has filed a new notice of default in the wake of substantive compliance with section 2923.5."  Mabry, 185 Cal. App. 4th at 237.  However, that is not the same as rescinding an NOD.  Moreover, the discussion in Diamos did not involve § 2923.5, but rather a claim of dual tracking under § 2923.6(c) (unlawful to record an NOD while borrower's complete first loan modification is pending), and other sections of HBOR more generally.

Plaintiff cites four cases in support of this argument in his opposition to the motion – Castillo v. Bank of America, 2014 WL 4290703 at *5 (N.D. Cal. Aug. 29, 2014); Woodring v. Ocwen Loan Servicing, LLC, 2014 WL 3558716 at *3-4 (C.D. Cal. July 18, 2014); Mungai v. Wells Fargo Bank, 2014 WL 2508090 at *10-11 (N.D. Cal. June 3, 2014); and Skov v. U.S. Bank N.A., 207 Cal. App. 4th 690, 696 (2012).  However, none of these cases imposes a requirement regarding the rescission of an NOD.  The court thus finds no support for plaintiff's argument that PNC should be compelled to rescind the DOD.

In short, a lack of a pending foreclosure sale precludes the court from granting a borrower any effective remedy under § 2923.5.  In re Sandri, 501 B.R. 369, 378 (Bkrtcy, N.D. Cal. 2013).  The most recent NOD was recorded on August 9, 2013 (Exh. F to SAC), and the most recent Notice of Trustee's Sale was recorded on March 3, 2014 (Exh. G to SAC) and set a sale date of March 27, 2014.  The Notice of Sale provides that the sale "may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to section 2924g of the California Civil Code."  However, since more than 365 days have elapsed since the date previously set for the trustee sale (March 2014),

1   and no sale has occurred, the trustee is required (per Civil Code § 2924g(c)(2)) to record
2   a new notice of sale as required under § 2924f (requirements re posting and notice of
3   sale).  Thus, the previous notice of sale is no longer operative or capable of further
4   postponement.

5   As far as whether plaintiff can still state a claim under § 2923.5, "foreclosure
6   prevention alternative" is defined as a "first lien loan modification or another available loss
7   mitigation option."  Cal. Civ. Code § 2920.5.  Both sides appear to agree that there has
8   now been a full opportunity for plaintiff to seek a loan modification and thus for the parties
9   to exchange information regarding foreclosure prevention alternatives.  Accordingly, the
10  court finds that the § 2923.5 cause of action must be dismissed.

11      2.    Claims under § 2923.7, 2924.10, 2923.6

12  In the second cause of action, plaintiff alleges that PNC violated various provisions
13  of HBOR – § 2923.7 (failure to appoint single point of contact or "SPOC") and failure of
14  the "contact" to perform certain duties set forth in § 2923(b)(1)-(5); § 2924.10 (failure to
15  provide written acknowledgment of receipt of third and fourth applications within 5
16  business days); and § 2923.6 (improperly engaging in "dual tracking").

17  With regard to the § 2923.7 claim, plaintiff previously conceded that an SPOC was
18  appointed, and that the only question was whether the SPOC (or the team) complied with
19  the disclosure duties set forth in § 2923.7(b)(1)-(5).  The court finds that the claim of
20  violation of § 2923.7 must be dismissed, with leave to amend to state facts clearly
21  supporting the assertion that the SPOC designated by PNC failed to comply with the
22  disclosure duties in § 2923.7(b).

23  Both the § 2924.10 claim and the § 2923.6 claim depend on a finding that the
24  applications were "complete."  Under § 2924.12, borrowers may bring an action under a
25  number of HBOR sections, including § 2923.6, § 2923.7, and § 2924.10, but the
26  remedies depend upon whether a trustee's deed of sale has or has not been recorded.
27  See Cal. Civ. Code § 2924.12(a), (b).  Here, no trustee's deed upon sale has been
28  recorded, so plaintiff would be limited to seeking an order enjoining a "material violation"

1  of the statute.  Id. § 2924.12(a)(1).  Thus, given that the parties agree that plaintiff has
2  now submitted a "complete" application, any argument regarding the completeness of the
3  prior applications is moot, and these claims must therefore be dismissed.

      3.      Claim of negligence

In the third cause of action, plaintiff alleges a claim of negligence based on PNC's handling of "mortgage assistance and foreclosure prevention services" for his loan, including the handling of the loan modification applications.  The dispute here is as to whether a loan servicer owes a duty of care to a borrower.  There is a split of authority in the California Court of Appeal.  See Lueras v. BAC Home Loans Servicing LP, 221 Cal. App. 4th 49, 67-78 (2013) (no duty of care); Alvarez v. BAC Home Loans Servicing, 228 Cal. App. 4th 941, 945-50 (2014) (duty of care).

In the absence of some guidance from the Ninth Circuit, this court finds the reasoning in the Lueras decision to be more persuasive, and finds that a servicer, as any financial institution, owes no duty of care to a borrower in the provision of ordinary financial services such as loan modifications.

      4.      Claim for declaratory relief

In the fourth cause of action, plaintiff seeks relief under both federal law (28 U.S.C. § 2801 – which does not exist – plaintiff apparently intended to refer to 28 U.S.C. § 2201) and state law (Cal. Civ. P. Code § 1060).  She seeks a judicial declaration as to the rights and duties of the parties – specifically, a declaration that PNC has no legal right to institute foreclosure proceedings.

This cause of action appears to be duplicative, and does not seek a determination of prospective rights.  The court agrees with PNC that this claim should be dismissed.

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS the motion.  The motion to dismiss the first cause of action for violation of Civil Code § 2923.5, the claims asserted in the second cause of action for violation of Civil Code §§ 2924.10 and 2923.6, the third cause of action for negligence, and the fourth cause of action for declaratory

1  relief is GRANTED. The dismissal is WITH PREJUDICE.  The motion to dismiss the

2  § 2923.7 claim asserted in the second cause of action is GRANTED, with leave to amend

3  as set forth above.

4  Any amended complaint shall be filed no later than October 15, 2015.  No new

5  claims or parties may be added without leave of court or agreement of the defendant.

6  The court will conduct a telephonic case management conference on September

7  24, 2015, at 1:45 p.m.  Counsel shall initiate the call.

9  **IT IS SO ORDERED.**

10 Dated:  September 16, 2015

_____

PHYLLIS J. HAMILTON
United States District Judge